UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH ANN DAHL,

                              Plaintiff,

                                                                       Case # 15-CV-978-FPG

v.

                                                                       DECISION AND ORDER

CAROLYN W. COLVIN, ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.
_____

      Deborah Ann Dahl ("Dahl" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 7, 8. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On June 15, 2012, Dahl applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 134-40. She alleged that she had been disabled since May 1, 2011, due to foot pain, arthritis, and a lower back injury. Tr. 134, 153. After her application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Denise Pasvantis ("the ALJ") on April 30, 2014, in which the ALJ considered Dahl's application *de novo*. Tr. 28-53.

---

[1]     References to "Tr." are to the administrative record in this matter.

Dahl appeared at the hearing with her representative and testified. *Id.* Christina A. Fannin-Morrison, a vocational expert ("VE"), appeared by video and testified. Tr. 49-52. On June 26, 2014, the ALJ issued a decision finding that Dahl was not disabled within the meaning of the Act. Tr. 15-23. On September 14, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Dahl's request for review. Tr. 1-4. Thereafter, Dahl commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his

or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ's decision analyzed Dahl's claim for benefits under the process described above. At step one, the ALJ found that Dahl had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. At step two, the ALJ found that Dahl has the following severe impairments: osteoarthritis of the bilateral feet, spinal stenosis secondary to a synovial cyst, and degenerative disc disease of the lumbar spine. *Id.* At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 19.

Next, the ALJ determined that Dahl retained the RFC to lift and/or carry 10 pounds occasionally, stand and/or walk for two hours total in an eight-hour workday, sit for six hours total in an eight-hour workday, occasionally climb ramps, stairs, ladders, ropes, and scaffolds, and frequently balance and crawl. Tr. 19-22.

At step four, the ALJ relied on the VE's testimony and found that Dahl is capable of performing her past relevant work as a receptionist. Tr. 22-23. Accordingly, the ALJ concluded that Dahl was not "disabled" under the Act. Tr. 23.

### II.    Analysis

Dahl argues that remand is required because the ALJ failed to adequately develop the record.[2] ECF No. 7-1, at 14-17. Specifically Dahl contends that the ALJ "was aware of nearly a year and a half of missing medical records at the time of the hearing, but made her decision

---

[2] Dahl advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 7-1, at 17-22. However, because this Court disposes of this matter based on the ALJ's failure to develop the record, those arguments need not be reached.

without obtaining those records." *Id.* at 14. The Commissioner maintains that the ALJ properly developed the record and that the record was sufficient for the ALJ to make a disability determination. ECF No. 8-1, at 11-13.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). This duty exists even when the claimant is represented by counsel or a representative. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed his or her application. 20 C.F.R. § 404.1512(d). The ALJ must "make every reasonable effort" to help the claimant get medical reports from his or her medical sources as long as the claimant has permitted the ALJ to do so. *Id.* Remand is warranted if the ALJ fails to fulfill his or her duty to develop the record. *Pratts*, 94 F.3d at 39. On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence. *Rosa*, 168 F.3d at 79 n.5.

At Dahl's hearing on April 30, 2014, the ALJ indicated that there was no medical evidence in the administrative record beyond February of 2013. Tr. 39. The ALJ questioned Dahl's representative, Elizabeth Thompson, as to the missing records, told Ms. Thompson that it was her responsibility to request those records, and scolded her for failing to do so. Tr. 39-40. Dahl then attempted to explain her treatment history since February of 2013, but the ALJ interrupted her frequently. Tr. 40. It seems that Dahl attended at least two "consultations" and that she saw her treating physician Celia Fernandez-Bothello, M.D. ("Dr. Fernandez-Bothello") after February of 2013. *Id.* However, the last treatment note in the record from Dr. Fernandez-Bothello is dated January 18, 2013. Tr. 344-55.

Moreover, on September 26, 2012, Dahl wrote in a Disability Report that she "ha[d] seen [her] physicians quite a few more times since [she] last provided information to [the SSA]." Tr. 193. Yet the record contains a mere 13 treatment notes dated after September 26, 2012. Tr. 338-39, 344-46, 356-58, 361-63, 365-66. This same form indicates that Dahl was being treated by Kelly VanGilder, M.D., yet the record lacks any treatment notes from her. Tr. 26-27, 194. This form also notes that Jay Weingarten, M.D. ("Dr. Weingarten") was prescribing medication to Dahl for foot and ankle inflammation, yet the last medical record from Dr. Weingarten is dated June 26, 2012. Tr. 190, 313-33.

For the reasons stated, it is clear that the ALJ did not have a complete medical history before her when she made her decision. Where, as here, "there are gaps in the administrative record, remand to the Commissioner for further development of the evidence is in order." *Glast v. Astrue*, No. 11-CV-5814 SLT, 2013 WL 5532696, at *10 (E.D.N.Y. Sept. 30, 2013).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 4, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court